## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| BLUE WORLD POOLS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-00061-TWP-DML |
| GEORGE LINDLE, | ) ) ) |
| Defendant. | ) ) |

### ENTRY ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND TO COMPEL ARBITRATION

This matter is before the Court on a Motion for Entry of Default Judgment and to Compel Arbitration against Defendant George Lindle ("Mr. Lindle"), filed by Plaintiff Blue World Pools, Inc., ("Blue World"). (Filing No. 16.) For the reasons set forth below, the Motion for Default Judgment and to Compel Arbitration is **granted**.

### I.  BACKGROUND

Blue World is in the business of selling and installing swimming pools for consumers. It is a Nevada corporation and its principal executive office is located in Georgia. (Filing No. 1 at 1.) Mr. Lindle, a Louisiana citizen, entered into an independent contractor agreement with Blue World and agreed to sell pools to customers on Blue World's behalf. As part of the independent contractor agreement, Mr. Lindle also signed a Binding Arbitration Agreement (the "Arbitration Agreement"). *Id.* The Arbitration Agreement executed by the parties states:

> Any dispute, claim or controversy of any kind whatsoever, whether in contract, tort, statutory or common law … arising between, or involving or relating to the undersigned parties … including but not limited to any dispute, claim or controversy arising out of or relating to any independent contractor agreement, employment agreement, or any other commercial relationship between the parties that cannot be resolved by negotiation shall be subject to mandatory, exclusive and binding arbitration ….
>
> This binding arbitration agreement and the arbitration proceeding pursuant to same shall be governed by the Federal Arbitration Act, 9 U.S.C §§ 1 et seq…. The parties

agree that their commercial relationship and the transactions and obligations between each other involve interstate commerce.

([Filing No. 16-4](#)). By its terms, the Arbitration Agreement is enforceable where executed, which was in Corydon, Indiana. *Id.*

On May 5, 2018, Mr. Lindle was in an accident in Union County, Illinois. (*See* [Filing No. 16-3](#).) On September 4, 2018, Mr. Lindle filed a worker's compensation claim with the Illinois Workers' Compensation Commission against Blue World, alleging that in the scope of his employment, he sustained injuries in an automobile accident. ([Filing No. 1 at 1](#).) Blue World alleges that Mr. Lindle's claim for recovery as a result of his employment related injury, is subject to arbitration under the terms of the Arbitration Agreement. *Id*. Mr. Lindle has refused to proceed with arbitration despite Blue World's request to do so. *Id*. at 2. On April 5, 2019, Blue World filed this action, alleging that Mr. Lindle is in default of his obligations under the Arbitration Agreement. *Id.* at 1. In its Complaint, Blue World asks the Court to enter an order directing Mr. Lindle to proceed to arbitration and issue a stay of Mr. Lindle's proceedings before the Illinois Workers' Compensation Commission. *Id*. at 2.

Blue World provided service on Mr. Lindle on June 20, 2019 at Clairborne Health Center in Shreveport, Louisiana. ([Filing No. 8](#).) Mr. Lindle did not file an answer or otherwise respond to this lawsuit, and Blue World moved for entry of Clerk's default on July 22, 2019. ([Filing No. 13](#).) The Clerk entered default on August 14, 2019. ([Filing No. 15](#).) Blue World now seeks a Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. It also ask the Court to compel arbitration and to stay the proceedings before the Illinois Workers' Compensation Commission. ([Filing No. 16 at 2](#).) Mr. Lindle has not responded to the Complaint or the instant Motion.

## II. <u>LEGAL STANDARD</u>

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the clerk of court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a). Second, the moving party must seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). Because this action seeks a declarator action, Blue World "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default judgment is within the court's discretion. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion). A default judgment establishes the defendant's liability to the plaintiff on the cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Rule 55(b) requires Blue World to establish the following for the grant of a default judgment: (1) when and against what parties the default was entered, (2) the pleading as to which default was entered, (3) that the defaulting parties are neither infants nor incompetent, (4) that the defendants are not in the military services, and (5) that notice has been served on the defaulting party. *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006). The court may enter a default judgment against a party who has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(b)(2).

"'Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Since Mr. Lindle has failed to respond to the allegations against him, all of the well-pleaded factual allegations in the Complaint regarding liability are taken as true.

## III. DISCUSSION

Blue World moves for an entry of default and seeks an order from this Court to compel arbitration by Mr. Lindle under the Federal Arbitration Act ("FAA"). It also seeks an order pursuant to 9 U.S.C. § 4, enjoining the Illinois Workers' Compensation Commission from further proceedings on Mr. Lindle's claim. The Court will first address default before turning to the relief requested.

### A. Default Judgment is Appropriate

Blue World took a number of steps toward obtaining default judgment against Mr. Lindle. It filed and obtained a Clerk's Entry of Default against Mr. Lindle on July 12, 2017 (Filing No. 13 and Filing No. 15). Blue World established that Mr. Lindle is not in the military services and that notice was properly served. (Filing No. 13-1.) Blue World stated that to the best of its knowledge, Mr. Lindle is not incompetent; and nothing in the record points to Mr. Lindle being an infant or incompetent. *Id*. Mr. Lindle has not shown good cause for his failure to answer or otherwise respond to the Motion; has not shown quick action to correct the default; and has not submitted any defense to the Court. Accordingly, a default judgment is appropriate and the well-pleaded allegations of a complaint relating to liability are taken as true.

### B. Order Compelling Arbitration

Having determined that a default judgment is appropriate, the Court finds the relief requested – an order compelling arbitration – is reasonable. Mr. Lindle's claims against Blue World shall be resolved by binding arbitration to be held in the Southern District of Indiana in accordance with the Arbitration Agreement between the parties and pursuant to 9 U.S.C § 4.

### C. Order Enjoining the State Proceeding

In addition to an order compelling arbitration pursuant to the Arbitration Agreement, Blue World asks the Court to stay the proceedings in the Illinois Workers' Compensation Commission.

Blue World asserts that the federal court has authority to grant an injunction of state court proceedings where necessary. It notes that 9 U.S.C § 3 states "in any suit or proceeding brought in any of the courts of the United States upon any issue referable to arbitration … the court in which such suit is pending … shall on application of one of the parties stay the trial of the action until such arbitration is held…".

When a dispute has been found by the federal court to be subject to the arbitration provisions of the FAA, a stay of the state court proceedings is authorized by 22 U.S.C. § 2283. *See Network Cinema Corp v. Glassburn*, 357 F. Supp. 169, 172 N.Y.S.D. 1973). Blue World argues that permitting Mr. Lindle's worker's compensation action to proceed – in direct violation of the arbitration agreement – would expose Blue World not only to the risk of a judgment in that proceeding, but also to fees and expenses in defending that proceeding. It contends that allowing the state court suit to proceed would threaten the validity of the order compelling arbitration. *See We Care Hair Dev., Inc. v. Engen*, 180 F.3d 838 (7th Cir. 1999).

As stated earlier, the well-pleaded allegations of a complaint relating to liability are taken as true. The parties specifically agreed that any disputes between them would be subject to mandatory arbitration. Accordingly, the Court must find the Arbitration Agreement is valid and enforceable. The Seventh Circuit has affirmed that once the district court determined the arbitration clauses were valid, it did not abuse its discretion in enjoining a state court lawsuit while the parties proceeded to arbitration. *We Care Hair at* 839 (7th Cir. 1999). Having determined that Mr. Lindle's claim against Blue World must be resolved by binding arbitration, the Court orders a stay of the proceedings in the Illinois Workers' Compensation Commission so that the parties may proceed to arbitration.

## IV.  CONCLUSION

For the reasons set forth above, Blue World Pools, Inc.'s Motion for Default Judgment and to Compel Arbitration ([Filing No. 16](#)) is **GRANTED**.

Mr. Lindle's claims against Blue World Pools, Inc. shall be resolved by binding arbitration to be held in the Southern District of Indiana in accordance with the Binding Arbitration Agreement between the parties, pursuant to 9 U.S.C. § 4.

Pursuant to 28 U.S.C. § 2283, in order to protect and effectuate its judgment, the claim of Mr. Lindle against Blue World Pools, Inc. in the Illinois Workers' Compensation Commission action, Case No. 18-WC-026298, must be stayed pending arbitration between the parties. and, therefore, the proceedings in the Illinois Workers' Compensation Commission are hereby **ENJOINED.**

**SO ORDERED.**

Date:  2/21/2020

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Nicole Schnoor
WIEDNER & MCAULIFFE
nmschnoor@wmlaw.com

George Mr. Lindle
6840 North Colony Drive
Shreveport, Louisiana  71107